[Civ. No. 17345. Second Dist., Div. One. Aug. 22, 1950.]

WILLIAM HENNESSEY, Appellant, v. BONIFACIO PUERTAS, JR., Respondent.

Renetzky & Davis and Laura O. Coffield for Appellant.

A. H. Brazil for Respondent.

WHITE, P. J.—Plaintiff has appealed from an order of the superior court quashing a writ of execution, vacating and declaring void a purported sheriff's sale under the writ, and denying plaintiff's motion to strike certain affidavits filed by defendant. The question presented is whether the judgment under which the writ was issued is a judgment for the payment of money or merely a judgment declaratory of the rights of the parties under the terms of a lease.

Plaintiff in his complaint filed November 12, 1942, set forth the terms of a certain lease between plaintiff as lessor and one Miller as lessee, which lease was assigned to defendant, successor to the lessee. The lease contained the following provision:

"It is agreed by and between the parties hereto that Lessee may erect other buildings on said premises in addition to the frame building now situate thereon. If said buildings are to be erected and are to be used for financial gain, as distinguished from occupancy by Lessee or his agents for a dwelling, then it is agreed that the Lessor hereunder is entitled to an increase in the amount of rent; and if the parties hereto cannot agree upon the amount of increase then and in that event the amount shall be determined and fixed by the arbitration, the said Lessor and Lessee each appointing an arbitrator, and in case the two arbitrators so selected cannot agree, then John J. Hutchins, attorney at Law, Paso Robles, California, shall appoint a third arbitrator, and the decision of any two of the said arbitrators, delivered in writing to the parties hereto shall be conclusive evidence and binding upon the parties hereto."

Plaintiff further alleged that defendant erected improvements for use in his business and not as a dwelling; that plaintiff informed defendant that he had appointed an arbitrator to determine the increase in rent pursuant to the terms of the lease, but that defendant refused to appoint an arbitrator.

The prayer of the complaint was as follows:

"1. That this honorable court determine the rental value of said addition to the premises described herein as and from the 4th day of September, 1942, or that this Court appoint sufficient appraisers or arbitrators to determine the reasonable rental value of said addition.

"2. That this honorable court award this plaintiff an increase of rental in the amount found reasonable from September 4, 1942 to the termination of said lease.

"3. For a reasonable amount as and for attorney fees for plaintiff; costs of suit; and for such other and further relief as is meet and proper in the premises."

On December 21, 1943, the parties entered into a stipulation which recited the provision of the lease above quoted and that "the facts set forth in the complaint are true" and then provided:

"Now THEREFORE, it is agreed that a judgment shall be entered in the premises in favor of plaintiff and against defendant providing that said plaintiff shall be entitled to rents from said defendant for the premises described in said lease for the sum of $75.00 on the 10th day of September, 1942, and $75.00 on the 10th day of each and every month thereafter up to the 10th day of February, 1951, inclusive.

"It is hereby agreed that judgment shall be entered herein at Court."

Pursuant to the stipulation judgment was entered as follows:

"That Defendant, Bonifacio Puertas, Jr., pay to plaintiff, William Hennessey, the sum of $75.00 on the 10th day of September, 1942, and $75.00 on the 10th day of each and every month thereafter up to the 10th day of February, 1951, inclusive, subject to the terms and conditions of that certain lease, a copy of which is affixed to the complaint on file herein and therein marked Exhibit 'A', as and for rents on that certain premises . . . ."

Nothing further of importance on this appeal occurred in the action, until August 17, 1948, when plaintiff secured the issuance of a writ of execution by presenting to the clerk of the superior court an affidavit that the sum of $1,322.50 was

unpaid on the judgment. The writ was delivered to the Sheriff of Fresno County, who levied upon and sold real property of the defendant. Defendant then moved to quash the writ and vacate the sale, supporting the motion with affidavits. The court in its decision on the motion found:

"That the judgment heretofore entered in the above entitled case was judgment of declaratory relief establishing the rental to be paid by the lessee under the terms of the agreement referred to in the original complaint; that the said judgment prescribed the payment of $75.00 per month according to the terms of said lease and did not constitute a judgment for said sum, enabling the plaintiff to secure a writ of execution thereon; . . ."

The decision of the judge of the court below was obviously correct. The plaintiff's complaint in the action sought only declaratory relief, with an incidental award of costs and attorney's fees. The stipulation for judgment does not provide that plaintiff shall recover $75 per month from defendant, but that "said plaintiff *shall be entitled to rents* from said defendant for the premises described in said lease" of $75 per month. The inept language of the judgment, that defendant "pay to plaintiff" $75 per month, cannot control, in view of the record above recited and the further language of the judgment that such payment is "subject to the terms and conditions of that certain lease." The plaintiff by his action sought only declaratory relief; the stipulation for judgment clearly contemplated only declaratory relief; and the judgment itself, while it provides that defendant "pay . . . to plaintiff," further provides that such payment is "subject to" the terms of the lease.

The only reasonable construction is that the judgment constitutes a declaration of the rights and duties of the parties under the provisions of the lease, and no more. The construction urged by appellant would require a holding that defendant had in effect authorized confession of judgment for any unpaid rent accruing at any time in the future. The error of such a construction, in the light of the record, is manifest. At the time the action was brought, the plaintiff had no cause of action for unpaid rent except for such increased rent as might be awarded pursuant to the provision for increased rent if improvements were added. We have considered the authorities cited by appellant and do not deem them applicable here.

Our conclusion upon the main question presented renders

it unnecessary to consider the merits of appellant's contention that the affidavits filed by respondent in support of his motion should have been stricken. Irrespective of the affidavits, the court's decision was correct.

The orders appealed from are, and each is affirmed.

Doran, J., and Drapeau, J., concurred.